## PENNSYLVANIA RAILROAD COMPANY *v.* GREEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF PENNSYLVANIA.

No. 315. Argued April 16, 1891. — Decided April 20, 1891.

In an action against a railroad company by a passenger to recover damages
for injuries received at the station of arrival by reason of its improper
construction, if there be conflicting evidence, the case should be sub-
mitted to the jury under proper instructions.

THE declaration in this case "complains for that whereas the defendant is a corporation chartered under the laws of this Commonwealth and the operator of a steam railroad, with the usual appliances for the carrying of freight and passengers, and the plaintiff alleges that heretofore, to wit, on the 12th day of October, 1882, the said Anna M. Green was a passenger on one of the trains of the defendant, and the defendant disregarding its duty in that particular, conducted itself so negligently and took such little care of the said Anna M. Green that by reason of the said disregard of duty and negligence on the part of the defendant the said Anna M. Green was greatly injured, maimed and bruised, and hath suffered greatly both in body and in mind; and the said plaintiff says that the defendant was guilty of the said negligence at Moorestown, to wit, at the county aforesaid.

"And also for that whereas, heretofore, to wit, on the 12th day of October, 1882, the defendant, a corporation chartered under the laws of this Commonwealth, was the operator and had the control of a steam railroad for the carrying of freight and passengers, with the usual appliances, stations, etc., incident thereto, and the plaintiff says that on the day aforesaid the said Anna M. Green was a passenger on one of the trains of the defendant; and whereas it then became and was the duty of the defendant to exercise due and proper care in the construction of its stations and to use proper care to provide means whereby the said Anna M. Green might leave the said train with safety and not negligently to subject the said Anna M. Green to the risk of personal injury in and about one of its stations, to wit, the station at Moorestown, yet the defendant disregarded its duty in that particular and failed to provide a proper station, to wit, the station at Moorestown, and negligently subjected the said Anna M. Green to risk of personal injury in the use of its said station, whereby, on the day aforesaid, at the county aforesaid, the said Anna M. Green became sick, sore, lame, maimed and bruised, and hath suffered greatly both in body and in mind, to the damage of the plaintiff in the sum of twenty-five thousand dollars, and therefore brings suit."

At the trial there was conflicting evidence, and the defendant asked the court, among other things, to instruct the jury:

(1) " That there was not sufficient evidence in the case to maintain the cause of action on the part of the plaintiff, as set forth in the first count in the *narr.*, and hence there can be no recovery by the plaintiff under that point."

(2) That " the evidence in the case is insufficient to maintain the cause of action as set forth in the second count in the *narr.*, and hence there can be no recovery by the plaintiff under that count."

(7) That " under all the evidence in the case the verdict must be for the defendant."

The court refused, to which exceptions were taken, and the refusal made part of the assignments of error.

*Mr. George Tucker Bispham* for plaintiff in error. The court did not desire to hear further argument.

*Mr. Leoni Mellick* and *Mr. John W. Wescott* for defendant in error.

PER CURIAM. The only exceptions properly preserved were to the refusal of the court to give defendant's first, second and seventh instructions to the effect that there could be no recovery under the first or under the second count of the declaration, (and there were but two,) and that the verdict must be for the defendant.

We are of opinion that the case was clearly, under each count, for the consideration and determination of the jury, subject to proper instructions as to the principles of law involved, which were given, and that the court did not err in declining to instruct as prayed.

The judgment is

*Affirmed.*